ACCEPTED
03-14-00538-CR
3823555
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/20/2015 11:26:41 AM
JEFFREY D. KYLE
CLERK

**Court of Appeals No. 03-14-00538-CR**
**Trial Court Cause No. 5840**

**IN THE THIRD SUPREME JUDICIAL DISTRICT**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/20/2015 11:26:41 AM

JEFFREY D. KYLE
Clerk

**COURT OF APPEALS**

**AUSTIN, TEXAS**

_____

*GARY DON RAY*

*v.*

*THE STATE OF TEXAS*
_____

**APPEALED FROM THE 452ND JUDICIAL DISTRICT COURT,**
**MCCULLOCH COUNTY, TEXAS**
**Honorable Robert R. Hofmann, Presiding**
_____

*APPELLANT'S BRIEF*
_____

> **M. Patrick Maguire**
> **State Bar No. 24002515**
> **M. Patrick Maguire, P.C.**
> **mpmlaw@ktc.com**
> **945 Barnett Street**
> **Kerrville, Texas 78028**
> **Telephone (830) 895-2590**
> **Facsimile (830) 895-2594**
>
> *ATTORNEY FOR APPELLANT,*
> *GARY DON RAY*

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL                                    2

INDEX OF AUTHORITIES                                             4

STATEMENT OF THE CASE                                           6

ISSUES PRESENTED                                               7

SUMMARY OF THE ARGUMENTS                                       8

CERTIFICATE OF COMPLIANCE WITH TRAP 9.4                        9

STATEMENT OF FACTS                                            10

ARGUMENTS & AUTHORITIES                                       11

ISSUE 1:    The lack of a policy to determine who should be excluded from a public hospital violates Appellant's procedural due process rights. Therefore, Appellant's conviction should be reversed and a judgment of acquittal rendered because the evidence is legally insufficient to support a conviction for criminal trespass.                                11

PRAYER FOR RELIEF                                            19

CERTIFICATE OF SERVICE                                       20

**IN THE THIRD SUPREME JUDICIAL DISTRICT**

**COURT OF APPEALS**

**AUSTIN, TEXAS**

_____

*GARY DON RAY*

*v.*

*THE STATE OF TEXAS*
_____

*IDENTITY OF PARTIES & COUNSEL*
_____

*Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this appeal:*

Appellant:                           Gary Don Ray

Appellee:                            The State of Texas

Attorney for Appellant:      M. Patrick Maguire
                                         M. Patrick Maguire, P.C.
                                         945 Barnett Street
                                         Kerrville, Texas 78028

Attorney for Appellee:        Hon. Tonya Spaeth Ahlschwede
                                         452nd Judicial District Attorney
                                         P.O. Box 635
                                         Mason, Texas 76856

Trial Judge:                      Hon. Robert R. Hofmann
                                      452nd Judicial District Judge
                                        P.O. Box 1580
                                        Mason, Texas 76856

# INDEX OF AUTHORITIES

## *CASES*

*Anthony v. State*, 209 S.W.3d 296
(Tex. App.—Texarkana 2006, no pet.)      11,12,
15-19

*Bader v. State*, 15 S.W.3d 599 (Tex. App.—Austin 2000, no pet.)    16

*City of Chicago v. Morales*, 527 U.S. 41 (1999)      17

*Luchak v. McAdams*, 379 S.W.3d 361
(Tex. App.—Waco 2012, pet. dism'd)      14

*Purdin v. Copperas Cove Economic Development Corp.*,
143 S.W.3d 290 (Tex. App.—Waco 2004, pet. dism'd)      14

*Sanderson v. State*, 2013 Tex. App. LEXIS 14617
(Tex. App.—Texarkana 2013, pet. denied) (unpublished opinion)    16

## *STATUTES AND RULES*

*Tex. Penal Code §30.05*                     11

*Tex. Penal Code §1.07(40)*                   15

*U.S. Const. amend. XIV*                      11

## *STATEMENT OF THE CASE*

Appellant, Gary Don Ray, is appealing his conviction for the offense of Criminal Trespass of a Habitation. Appellant pled not guilty to a jury on July 21, 2014. RR 3, 31. The jury found Appellant guilty. RR 4, 266. The trial court sentenced Appellant to 270 days in the McCulloch County Jail and assessed a $4,000 fine. RR 4, 294. Appellant filed his notice of appeal with the trial court on August 1, 2014. This brief is timely filed by being electronically filed with the Third Court of Appeals on January 20, 2015.

## *APPELLANT'S ISSUES PRESENTED FOR REVIEW*

**I.**   The lack of a policy to determine who should be excluded from a public hospital violates Appellant's procedural due process rights. Therefore, Appellant's conviction should be reversed and a judgment of acquittal rendered because the evidence is legally insufficient to support a conviction for criminal trespass.

**\*\***   For purposes of reference in the Appellant's Brief the following will be the style used in referring to the record:

1.   Reference to any portion of the Court Reporter's Statement of Facts will be denoted as "(RR____, ____)," representing volume and page number, respectively.

2.   The Transcript containing the District Clerk's recorded documents will be denoted as "(CR___, ___)."

## *SUMMARY OF THE ARGUMENTS*

**I.** Appellant was convicted of criminal trespass of a habitation for entering upon the grounds of the Heart of Texas Healthcare System in Brady, Texas. Heart of Texas Healthcare System is a public property operated by a governmental entity. The Heart of Texas Healthcare System does not have any trespass policy, written or unwritten, concerning when a member of the public may be barred from these grounds. This is required in order for a State actor to bar a citizen from such public property. The lack of such a policy is a violation of Appellant's procedural due process rights which renders the evidence legally insufficient to support Appellant's conviction.

8

## *<u>CERTIFICATE OF COMPLIANCE</u>*

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that this brief contains 3,043 words (counting all parts of the document and relying upon the word count feature in the software used to draft this brief). The body text is in 14 point font and the footnote text is in 12 point font.

/s/    <u>M. Patrick Maguire</u>
M. Patrick Maguire,
Attorney for Appellant

## *STATEMENT OF FACTS*

Appellant was convicted by a jury of criminal trespass for entering upon the property of the local hospital in Brady, Texas. On September 27, 2013, Appellant had gone to the hospital, which is a government-funded building open to the public. RR 3, 99-101. Tim Jones, the CEO of the Heart of Texas Healthcare System, did not have any evidence that Appellant went into any "restricted" areas, although Mr. Jones "assumed" this to be the case. RR 3, 101. Based upon past interactions with Appellant, wherein Appellant complained about his hospital bill and allegedly made a threatening hand gesture, Mr. Jones called the police. RR 3, 98. According to Mr. Jones, the police chief suggested issuing a criminal trespass warning to Appellant to prevent Appellant from coming onto the hospital property. RR 3, 103. Mr. Jones executed a criminal trespass warning that was delivered to Appellant at his home by a police officer. RR 4, 13-14. On October 3, 2013, Appellant returned to the hospital. RR 4, 15. Appellant was immediately arrested for criminal trespass. RR 4, 15.

Although Mr. Jones testified that he executed the criminal trespass warning out of a concern for the safety of the patients and staff of the hospital, he stated that there were no written or unwritten policies in place at

the time he executed the criminal trespass warning concerning how to deal with trespassers. RR 4, 162.

*ARGUMENTS & AUTHORITIES*

*I.*

***The lack of a policy to determine who should be excluded from a public hospital violates Appellant's procedural due process rights. Therefore, a judgment of acquittal must be rendered because the evidence is legally insufficient to support a conviction for criminal trespass.***

**A.      *Standard of Review***

A person commits the offense of criminal trespass if he enters or remains on or in property, including an aircraft or other vehicle, of another without effective consent or he enters or remains in a building of another without effective consent and he had notice that entry was forbidden or received notice to depart but failed to do so. *Tex. Penal Code §30.05(a)*.

The Due Process Clause of the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property without due process of law." *U.S. Const. amend. XIV*. Both substantive and procedural due process require a protected liberty or property interest to be deprived by state action. *Anthony v. State*, 209 S.W.3d 296, 303 (Tex. App.—Texarkana 2006, no pet.). The first inquiry in every due-process challenge is whether the complaining party has been deprived of a protected interest in "property" or "liberty." *Id*. The United States Supreme Court has

11

held that "the right of locomotion, the right to remove from one place to another according to inclination, is an attribute of personal liberty." *Id*. (citing *Williams v. Fears*, 179 U.S. 270, 274 (1900)).

At a minimum, due process requires a person who may be deprived of a liberty or property interest to be provided notice and an opportunity to be heard in a meaningful time and in a meaningful manner. *Anthony*, 209 S.W.3d at 307. In analyzing a claim of deprivation of procedural due process, the Court applies a two-part test: (1) whether the plaintiff had a liberty or property interest entitled to procedural due process; and (2) if so, what process is due. *Id*. at 307.

If a defendant's procedural due process rights are violated as a result of inadequate or vague procedures, then the procedures or policies fail to give adequate notice of what conduct is prohibited, thus rendering the evidence legally insufficient to support a conviction for criminal trespass. *Id*. at 311.

**B.**    *Analysis*

Appellant is a resident of Brady, Texas. Appellant maintains a website called "webitch4u.com" where Appellant frequently blogs about local politics and speaks out against local corruption and certain community leaders. RR 4, 99. Appellant's blog also spoke out against the hospital's

board members and Tim Jones, the CEO of Heart of Texas Healthcare System.  RR 4, 99.

The facts in Appellant's case are fairly straightforward.  Appellant did not deny going to the hospital after receiving the criminal trespass warning.  In fact, Appellant testified that his act of returning to the hospital after receiving the criminal trespass warning was an act of civil disobedience.  RR 4, 222.  Appellant wanted someone to explain to him why he couldn't go to a hospital that he pays taxes for.  RR 4, 223.  The issue at trial centered around whether Mr. Jones, the hospital CEO, had sufficient basis and authority to issue such a warning excluding a member of the public from a public building that was funded by the government.  It must be remembered that there were no policies and procedures of any kind in place to guide Mr. Jones, or any other member of the hospital board, in this situation.  RR 3, 162-64.

### *Mr. Jones was a state actor*

The record reflects that the hospital is operated by an elected board of directors.  RR 3, 47.  Another public agency, the McCulloch County Hospital District has responsibility for operating the hospital facilities.  RR 3, 121.  The hospital district is created pursuant to statute.  RR 3, 118-120.  Under the law, the hospital is not permitted to turn people away.  RR 3, 125-

26.  The hospital is a taxpayer-funded facility.  RR 3, 128.  Appellant had been coming to the hospital every Friday for 4 to 5 years to get a shot that he required.  RR 3, 129-130.  Appellant came to the hospital on September 13, 2013 to ask about a bill he had received for these services that previously had been free.  RR 3, 131-132.  Mr. Jones claimed that Appellant became very agitated and made what Mr. Jones described as a threatening hand gesture.  RR 3, 92-95.  Prior to this incident, Mr. Jones had never had any problem with Appellant.  RR 3, 130.

There is little debate that the hospital is a public facility and quasi-governmental entity as that term is commonly understood.  *See Purdin v. Copperas Cove Economic Development Corp*., 143 S.W.3d 290, 301 (Tex. App.—Waco 2004, pet. dism'd) (Observing that local entities of government, such as hospital and special utility districts, have been found to be "state instrumentalities."); *Luchak v. McAdams*, 379 S.W.3d 361, 368 (Tex. App.—Waco 2012, pet. dism'd) (Hospital district is a governmental unit).  The hospital is overseen by a hospital district comprised of elected board members.  The day-to-day operations are run by a CEO who answers to the hospital district board.  As a result, the action in excluding Appellant from the hospital is the result of State action.  Therefore, the constitutional due process requirements must be met.

*The hospital had no policies regarding criminal trespass*

In order to exclude a citizen from such premises, there must be written policies and procedures in place to avoid arbitrary exclusion. *Anthony v. State*, 209 S.W.3d 296, 306-07 (Tex. App.—Texarkana 2006, no pet.). Additionally, there must be a process to be heard. *Id*. In Appellant's case, there was none of this. Mr. Jones had never had any problems with Appellant in the past. RR 3, 130. Most of Mr. Jones' issues came from what he heard second-hand and without giving Appellant an opportunity to respond. RR 3, 97-99; RR 3, 104-08; RR 3, 134; RR 3, 136-39; RR 3, 143-44. Appellant had not done anything illegal or improper. Appellant had not acted in a disruptive manner. There was no evidence that Appellant entered into any restricted areas of the hospital not open to the general public. RR 3, 101. There was no benchmark to determine whether someone else in Appellant's position would be treated differently or the same.

*Appellant had a liberty interest in being excluded from the hospital*

The Texas Penal Code defines a "public place" as any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. *Tex. Penal Code §1.07(40)*. While the issue of whether the hospital is a

public place may not be relevant to consideration under Section 30.05 of the Penal Code (Criminal Trespass Statute), it is relevant in determining whether Appellant has a liberty interest which invokes constitutional principles. It should go without saying that Appellant, or any other citizen, has a liberty interest in going into a local hospital.

The ability of government to control access to its property is subject to a framework that is applicable to all such efforts to limit access. *See Bader v. State*, 15 S.W.3d 599, 605 (Tex. App.—Austin 2000, no pet.) (observing that regulations restricting speech may consist only of reasonable time, place, and manner regulations that are narrowly drawn to achieve the governmental interest and leave ample alternative channels for expression).

The burden is on Appellant to establish that any process is constitutionally infirm. *See Anthony*, 209 S.W.3d at 303. Appellant has carried this burden. The evidence unquestionably establishes that there were no procedures, written or unwritten, governing Mr. Jones' determination under what circumstances someone would be excluded from the hospital. *Cf. Sanderson v. State*, 2013 Tex. App. LEXIS 14617, 17 (Tex. App.—Texarkana 2013, pet. denied) (unpublished opinion) (holding that University of North Texas's written policies and procedures detailing when a person may be issued a criminal trespass warning, along with explicit appeal

16

procedures, afforded the defendant with procedural due process). The "appeal" process in Appellant's case was Mr. Jones himself, someone who Appellant had admittedly alienated through Appellant's blog. RR 3, 163-64. This process constitutes no appeal because it is at the discretion of the same person who issued the criminal trespass warning in the first place. There is no independent review process of Mr. Jones' decision.

"[A]s the United States recognizes, the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment." *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999). The United States Supreme Court has "expressly identified this 'right to remove from one place to another according to inclination' as 'an attribute of personal liberty' protected by the Constitution." *Id*. "Indeed, it is apparent that an individual's decision to remain in a public place of his choice is as much a part of his liberty as the freedom of movement inside frontiers that is 'a part of our heritage' . . ., or the right to move 'to whatsoever place one's own inclination may direct.'" *Id*. at 54.

### *What process is due?*

In determining what process is required, courts utilize a flexible standard that depends on the practical requirements of the circumstances. *Anthony*, 209 S.W.3d at 307. This flexible standard includes three factors:

(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. _Anthony_, 209 S.W.3d at 307.

Clearly, there is a private interest affected by the state action of barring someone, under penalty of a criminal charge, from a publicly-funded hospital that is a necessity in any community. The risk of erroneous deprivation of such interest in the lack of procedural safeguards is also significant. In this case, Appellant did absolutely nothing disruptive or illegal that would warrant his being banned from a taxpayer-funded building that is open to the public. The obvious issue is whether Appellant's blogging on political issues and being very outspoken on these issues, which is a legitimate exercise of Appellant's First Amendment rights, led to his being banned by one of the individuals he was blogging about, Mr. Tim Jones. Because there are no policies in place to determine when and under what circumstances a person may be excluded from the public hospital, the

issue becomes one of where one individual, Mr. Jones, can be the arbiter of this issue.

However, the analysis in this case is academic because the hospital did not have <u>any</u> policies or procedures in place to deal with criminal trespass issues as required by law. This is a blatant violation of Appellant's procedural due process rights.

## *CONCLUSION*

The record is clear that there was no procedural due process afforded Appellant prior to issuing the criminal trespass warning. Based on the foregoing argument and authorities, Appellant respectfully submits that Appellant's conviction in the above-referenced cause should be reversed and a judgment of acquittal rendered. *See Anthony v. State*, 209 S.W.3d 296, 311 (Tex. App.—Texarkana 2006, no pet.).

## *PRAYER FOR RELIEF*

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court sustain the appellate contentions herein, reverse the judgment of conviction in these cause and render a judgment of acquittal.

Respectfully submitted,

**M. PATRICK MAGUIRE, P.C.**


 /s/  M. Patrick Maguire
M. Patrick Maguire
State Bar No. 24002515
945 Barnett Street
Kerrville, Texas 78028
Telephone (830) 895-2590
Facsimile (830) 895-2594

**ATTORNEY FOR APPELLANT,
GARY DON RAY**


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of Appellant's Brief to counsel for the State, Hon. Tonya Spaeth Ahlschwede, vie electronic transmission at tsa@452da.net, and whose address is P.O. Box 635, Mason Texas 76856, on this the 20th day of January, 2015.


 /s/  M. Patrick Maguire
M. Patrick Maguire